# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA § | |
| § | |
| v. § | |
| § | |
| LISA ANN MEZA, § | |
| § | |
| Defendant, § | |
| § Criminal Action No. 3:05-CR-106-L |
| and § | |
| § | |
| WASTE MANAGEMENT OF TEXAS, § | |
| INC., § | |
| § | |
| Garnishee. § | |

## MEMORANDUM OPINION AND ORDER

Before the court are Defendant Lisa Ann Meza's ("Defendant") Claim for Exemptions and Request for Hearing and/or Transfer (Doc. 21), filed September 4, 2018; and the Government's Response to Defendant's Request for Hearing (Doc. 22), filed September 14, 2018. For the reasons set forth herein, Defendant's Claim for Exemptions and Request for Hearing and/or Transfer (Doc. 21) is **denied**.

## I. Factual and Procedural Background

On April 27, 2005, Defendant pleaded guilty to making a forged security in violation of 18 U.S.C. § 513(a). Doc. 4. On August 29, 2005, the court imposed judgment and ordered her to pay a $100 special assessment and $360,051 in restitution, as required by 18 U.S.C. § 3013 and the Mandatory Victim Restitution Act, 18 U.S.C. §§ 3663A-3664. According to the Government's Response, as of September 14, 2018, Defendant has paid $23,178.38 and still owes $336,972.62.

On August 2, 2018, the Government initiated this garnishment action under the Federal Debt Collection Procedures Act ("FDCPA") to enforce the court's restitution order. The court
**Memorandum Opinion and Order – Page 1**

ordered the clerk to issue the writ of garnishment, which was properly served on the garnishee, Waste Management of Texas, Inc. ("Waste Management"). On August 27, 2018, Waste Management filed an Answer disclosing that it holds weekly disposable earnings of $891.40 belonging to or due Defendant, and it requested a subpoena to provide records of any potential retirement due Defendant. Doc. 20 at 2-3. The Government contends that on September 6, 2018, it served the requested subpoena.

On September 4, 2018, Defendant moved to request a hearing. The motion does not set forth the grounds for her request, and it does not make a claim for exemptions. The Government filed its response on September 14, 2018, arguing that Defendant's motion should be denied because she failed to meet the statutory requirements for a hearing under § 3202(d) of the FDCPA.

## II.     Applicable Authority

The FDCPA sets forth the procedures by which the Government may collect restitution owed by a defendant in a criminal case. Pursuant to 28 U.S.C. § 3202(b), the Government must serve notice of the garnishment process on a judgment debtor, including a Clerk's Notice, that describes his or her rights to claim specific exemptions and seek a hearing. Within 20 days after receiving such notice, a judgment debtor may move to quash the order and request that the court hold a hearing on the motion to address a limited number of issues. 28 U.S.C. § 3202(d). Specifically, a hearing may address: (1) "the probable validity of any claim of exemption by the judgment debtor"; (2) "compliance with any statutory requirement for the issuance of the postjudgment remedy granted"; (3) "if the judgment is by default and only to the extent that the Constitution or another law of the United States provides a right to a hearing on the issue . . . the probable validity of the claim for the debt which is merged in the judgment and the existence of good cause for setting aside such judgment." *Id*. A judgment debtor who fails to set forth any one

of these statutory grounds is not entitled to a hearing under 28 U.S.C. § 3202(d). *United States v. Goyette*, 446 F. App'x 718, 720 (5th Cir. 2011).

### III. Analysis

Defendant's motion fails to set forth any one of the three enumerated statutory grounds for a hearing pursuant to 28 U.S.C. § 3202(d). As a preliminary matter, the third statutory ground pertaining to judgments by default is not applicable here because Defendant pleaded guilty, and, therefore, the judgment in this case is not a result of a default.

The first statutory ground is not met because Defendant's motion does not make a claim of exemption, as clearly indicated by the unchecked box in her form motion that allows her to make such a claim and state the applicable exemptions. Claimants have the burden of proof to establish an exemption from garnishment. 28 U.S.C. § 3014(b)(2) ("The United States or the debtor, by application to the court . . . may request a hearing on the applicability of any exemption claimed by the debtor. . . . Unless it is reasonably evident that the exemption applies, the debtor shall bear the burden of persuasion."); *see United States v. Gaudet*, 187 F. App'x 410, 412 (5th Cir. 2006). In its Response, the Government nonetheless establishes that the property it seeks is nonexempt disposable earnings that do not fall within the exemptions allowed by statute and listed in the Clerk's Notice that Defendant received. 18 U.S.C. § 3613(a) and 26 U.S.C. § 6334(a)(1)-(8). Defendant did not file a reply to the Government's argument as to this issue. Accordingly, Defendant fails to establish that she is entitled to a hearing to address "the probable validity of any claim of exemption by the judgment debtor." 28 U.S.C. § 3202(d)(1).

Defendant's motion also does not allege that the Government failed to "compl[y] with any statutory requirement for the issuance of the postjudgment remedy granted." 28 U.S.C. § 3203(d)(2). The record indicates that the Government complied with the statutory requirements by serving the requisite documents—including its Application for Writ of Garnishment, Order for

Issuance of Writ of Garnishment, Writ of Garnishment, Clerk's Notice of Exemptions and Request for Hearing and/or Transfer form and Answer of the Garnishee form, and Letter of Instructions—on garnishee, Waste Management of Texas, Inc., and on Defendant, proceeding *pro se*, by first-class mail at her last-known address in Rowlett, Texas. Defendant's motion does not allege that she did not receive the aforementioned documents. Gov't's Certificate of Serv. of Garnishment Process, Doc. 19 at 1. Defendant, therefore, has failed to establish the second statutory ground for a hearing under 28 U.S.C. § 3203(d).

## IV.  Conclusion

For the reasons set forth herein, the court **denies** Defendant's Claim for Exemptions and Request for Hearing and/or Transfer (Doc. 21).

**It is so ordered** this 4th day of February, 2019.

Sam A. Lindsay
United States District Judge